JOSÉ ISERN APONTE, ETC., Plaintiff and Appellee, *v.* LUISA RAMÍREZ SANTANA, Defendant; and CLOTILDE BENÍTEZ REXACH, Defendant and Appellant.

No. 7912.   Argued April 10, 1940.—Decided July 18, 1940.

*Jaime Benítez* and *Géigel & Silva* for appellant. *Francisco González Fagundo* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The plaintiff herein, while married to the defendant Luisa Ramírez Santana, acquired by purchase a house located in the city of Caguas. The plaintiff alleged that on May 19, 1928, the plaintiff and his wife acting in agreement transferred the title to said house in favor of Belén Maldonado, for her to hold the same until such time as the plaintiff should direct her to transfer it to some other person or to plaintiff and his wife; that there was no price or consideration involved in the transfer made to Mrs. Maldonado; that on November 10, 1928, Mrs. Maldonado conveyed the title to Luisa Ramírez Santana, who was still married to the plaintiff; that in the instrument of conveyance it was falsely stated that the amount of the selling price had been received at the time of the execution of the deed and in the presence of the notary and of the witness, when as a matter of fact no price or consideration of any kind was involved; and that in

said instrument it was likewise falsely stated that the money invested by Luisa Ramírez Santana in that purchase belonged to her exclusively, having inherited the same from her sister Dolores Ramírez Santana. It was further alleged that on March 1, 1934, Luisa Ramírez Santana, who had already divorced the plaintiff, transferred the house to the other defendant, Clotilde Benítez Rexach, for $500, acknowledged by the former to have been received, which was not true, as the transfer was made without any price or consideration and for the sole purpose of depriving the plaintiff of his share in the immovable. The plaintiff prayed for a judgment declaring that the house is community property and that the contract of sale entered into between the two defendants is void (*inexistente*).

The defendant Clotilde Benítez Rexach in her answer denied generally the averments of the complaint, and alleged that the property in question had been acquired by Luisa Ramírez Santana, since 1917, by purchase from various persons surnamed Martínez Chapel; that said Mrs. Ramírez obtained from the Municipality of Caguas the usufruct of the lot on which said house was constructed; that it was she who in 1917 prosecuted a proceeding to establish possession of said house which was recorded in her name in the registry of property; that while the house was the property of Luisa Ramírez Santana, the husband of the latter, plaintiff herein, signed the deed of transfer to Belén Maldonado only for the purpose of giving his consent thereto; that Luisa Ramírez purchased the property from Belén Maldonado for $500 which she paid out of funds inherited from her sister, Dolores Ramírez, according to a deed of partition dated May 23, 1928; that in the complaint in the suit for divorce, brought by Luisa Ramírez against the present plaintiff it was stated that there was no community property; that the acquisition of the property by Clotilde Benítez Rexach was a lawful contract; and that the complaint did not state facts sufficient to constitute a cause of action.

After the case was tried before the District Court of Humacao, the latter by a judgment declared the contract entered into between Luisa Ramírez and Clotilde Benítez Rexach as void and nonexistent in so far as the same might affect plaintiff's share in the community property, and valid as to the share belonging to Luisa Ramírez.

Clotilde Benítez Rexach, appellant herein, maintains that the lower court erred in denying the motion for nonsuit presented by the defendants; in sustaining in part the complaint; in weighing the evidence; in rendering judgment in contravention of section 191 of the Code of Civil Procedure; and in deciding this case by applying a different theory from that on which the complaint is based. She further urges that the judgment appealed from is contrary to law because it decides the case on the basis of legal issues not raised by the pleadings; because it is not supported by the allegations of the complaint; and because it deprives the defendant-appellant of her property without due process of law.

Let us examine the evidence:

At the trial, the plaintiff introduced in evidence the three public deeds mentioned in the complaint and the following testimony of witnesses: Belén Maldonado stated that Luisa Ramírez Santana had sold the house to her for $500, which sum she paid in bank notes in the presence of Notary Luis Mendín Sabat; that she knew Andrés Mena, Esq., then present; that she had never talked to Mena regarding the deed of sale of the house; that it was not true that she told Mena that she had not paid a penny for the property and had accepted the transfer in her favor in order to please Pepito Isern and his wife; that it was not true, either, that she had told the same thing to Francisco Ramis; that the charge of her having told either Carmen Cruz or Ramis or Mena that she had not paid anything for the house, was false. On being asked three times by the judge as to whether she had made those statements, she emphatically answered in the negative.

Attorney-Notary Andrés Mena, upon being called to testify, stated that he knew Belén Maldonado; that she went to his law office to tell him that she had been subpoenaed to testify as a witness in this case; that he asked her: "What about this matter?" and she answered: "I am going to tell the truth"; that she told him that she did not remember the date of the deed.

Mrs. Carmen de la Cruz, mother of the girl Carmen Isern de la Cruz, who is the daughter and heir of José Isern Aponte, testified that she knew Belén Maldonado by sight; that the latter went to her house to tell her that she had been summoned as a witness and that she had no money for the trip; that she stated to her that she would come to the court to tell the truth, that she had no interest in this case or in anything else, that she was coming to tell what Pepito had agreed with her, that Pepito had been accompanied by Luisa, that at that time business was very bad and that he was going to lose the house, and in order to avoid leaving his wife destitute he told her and begged her to make the deed in her name, that at the time she received no money or anything else, and that they agreed that, when the danger had ceased, a new transfer would be made in favor of Luisa.

The grounds of the motion for nonsuit presented by the defendants were that not even the slightest evidence had been introduced to overcome the proof regarding the consideration of the contract made by Clotilde Benítez, and that even if it were assumed that the sale to Belén Maldonado was a transfer contract, the plaintiff would now be estopped, as against Clotilde Benítez, to attack his own contract.

Let us examine the documentary evidence of both parties in its chronological order:

1. Deed of May 21, 1917, whereby Juan Martínez Chapel and five other co-owners sold six one-eighth undivided interests in the house of Luisa Ramírez, of legal age, married to

José Isern Aponte, for $360 which the vendors acknowledged to have received. The second paragraph of the deed reads as follows:

"Second: The purchaser, without any other requisite than the execution of this deed, shall be vested with the possession of the interests which she acquires by the present title and she ratifies in all its parts deed numbered one hundred and twenty-seven, executed before the attesting notary, whereby the husband of said purchaser accepted in his name the purchase of two undivided interests in the property described, acquired from Doña María del Carmen and Don Ramón Martínez Chapel."

2. Deed of May 19, 1928; the Isern-Ramírez spouses stated that they *were the owners* of the house, having acquired the same by purchase from Rosario Martínez Chapel and others; and that "Don José Isern Aponte, assisted by and with the consent of his wife, the party herein Luisa Ramírez Santana, *sells* and *conveys* to Belén Maldonado the house described in this deed.... for the agreed price of $500 which the *vendor spouses* receive in this act from the purchaser, in current bank notes." The notary did not certify to the delivery of the money in his presence. At the end of the document he certified to the full contents thereof.

3. Deed of November 10, 1928, whereby Belén Maldonado sells the house to Luisa Ramírez Santana, *married* to José Isern Aponte, "who does not appear in this act, as the property involved belongs to the separate estate of the wife appearing herein." The sale was made for the price of $500, "which the vendor receives in this act, in the presence of myself and of the witnesses." The notary did not certify to the delivery of the money.

As to the source of the money which Luisa Ramírez Santana claims to have paid to Belén Maldonado as the price of the house the object of the sale, the deed recites:

"Doña Luisa Ramírez Santana states that the money invested in the purchase of the house which is described in this deed, belongs exclusively to her, as she acquired it by inheritance from her sister,

Doña Dolores Ramírez Santana, also known as Dolores Ramírez de Arellano y Santana, who died in the town of Cayey, Puerto Rico, the deed of partition of the estate of said Dolores Ramírez Santana having been incorporated in deed numbered twenty of May 23, 1928, which was approved by the District Court of Guayama, and therefore the said sum belongs to the separate estate of Luisa Ramírez Santana, this explanatory statement being made for the purpose of the Registry of Property.''

On December 10, 1928, in recording the sale made by Belén Maldonado to Luisa Ramírez, there was noted the curable defect of a failure to duly show the source of the money invested in the purchase, notwithstanding the recitals of the instrument, as the deed of partition of the estate of Dolores Ramírez had not been exhibited. The said defect was cured in the registry on March 13, 1934.

4. A copy of the complaint for divorce filed by Luisa Ramírez Santana against her husband José Isern Aponte, on the ground of desertion, wherein the plaintiff stated that there was no community property; and a copy of the default judgment entered on April 15, 1932.

5. Deed of March 1, 1934, whereby Luisa Ramírez Santana, *divorced,* sold to Clotilde Benítez Rexach the house in question for $500 ''which the vendor receives from the purchaser in this act,'' without the notary certifying to the delivery of the money in his presence.

6. Deed of May 23, 1928, regarding the partition of the estate of Dolores Ramírez Santana, from which it appears that there were allotted to the heiress Luisa Ramírez Santana two houses valued at $1,500, together with $647.18 in cash, or a total sum of $2,147.18, which was to be applied to her share of $320.38 in the inheritance and the balance to the payment of certain debts of the estate.

The notary Luis Mendín Sabat, before whom all of the above-mentioned deeds had been executed, testified as a witness for the defendants and stated that property to the value of two thousand and odd dollars and cash to the amount of six hundred and odd dollars had been allotted to Luisa Ra-

mírez Santana; that she kept the proceeds of the property allotted to her and with that money she purchased the house for her exclusive use and convenience; that in the deed of Belén Maldonado there was a payment; that there were payments in the other deeds and also in that of Clotilde Benítez Rexach.

The appellant does not discuss separately the nine errors assigned in her brief but groups them around three essential questions. In the first of these it is maintained that the lower court violated the provisions of section 191 of the Code of Civil Procedure, which reads as follows:

"Section 191.—The relief granted to the plaintiff, if there be no answer, can not exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

As in the case at bar the defendant Clotilde Benítez Rexach filed an answer to the complaint, the application of the first part of the above-quoted section is not involved, and we may disregard the same.

The appellant maintains that it is inconsistent with the allegations of the complaint to decree, as the lower court did in its judgment of May 24, 1938, "the nullity or inexistence of the contract entered into between Luisa Ramírez and Clotilde Benítez Rexach, on March 1, 1934 .... in so far as the same refers to or affects the share in the community property which formerly belonged to José Isern Aponte and is now owned by his heirs, said contract to continue subsisting and in force as regards all the right and interest which Luisa Ramírez Santana had in the property the object of the contract at the time the same was executed." If there was no consideration (*precio*) for the contract—says the appellant—the same is nonexistent, according to section 1213 of the Civil Code (1930 ed.), and therefore the lower court could not uphold it as to the share of Luisa Ramírez while annulling it as

to that of José Isern Aponte. Up to this point the appellant is correct when she says that there is inconsistency between the relief prayed for and the one granted, since the plaintiff in his complaint did not attack partially the validity of deed No. 3, executed on March 1, 1934, but challenged it in its entirety on grounds which go to the very root of the contract of sale embodied in the instrument. But could the same thing be said if there had been a consideration for the contract? We think not. If contrary to what the plaintiff alleges in his complaint the three deeds attacked had been supported by a consideration, then the house the object of this suit would have belonged to the conjugal partnership constituted by José Isern Aponte and Luisa Ramírez Santana, as the defendant did not succeed in overcoming with her evidence the presumption established by section 1307 of the Civil Code (1930 ed.), that all the property of the spouses shall be deemed partnership property in the absence of proof that it belongs exclusively to the husband or to the wife. That presumption arose in the present case from the very moment of the execution on November 10, 1928, of deed No. 76, whereby Luisa Ramírez Santana, while married to José Isern Aponte, acquired for a consideration (*a título oneroso*) the house the object of this action. Such presumption is not destroyed by the fact that in the deed of sale the purchaser stated that he had inherited from her sister the money invested in the purchase, for, as aptly said by the lower court in its opinion, " .... it does not seem reasonable in law that the mere declaration of one of the spouses, made in her own benefit and against the interest of the other spouse, and without there being any subsequent ratification thereof by the latter, could be deemed sufficient to affect his right or to prejudice his interests." Nor is it destroyed by the fact that in the suit for divorce brought by Luisa Ramírez Santana against her husband José Isern Aponte, the latter should have suffered a judgment by default to be entered against him, the complaint reciting that there was no community property subject to liquidation.

The district court decided this case on the basis of the existence of a consideration to support the three challenged deeds. If the plaintiff had succeeded in proving the allegations of his complaint, that is, that the deed executed on May 19, 1928, November 10, 1928, and March 1, 1934, were void for want of consideration, the trial court would have had to reach the same conclusion that it did, rejecting the contention of the plaintiff. As the three deeds objected to were annulled, and as the evidence introduced by the plaintiff to overcome the presumption that the house was community property from the time that the same was acquired for herself by the defendant through deed No. 128, executed on May 21, 1917, while the defendant was still married to José Isern Aponte, the judgment of the court below could not have been different than what it was. And, since the allegations of the complaint, even if proved, would have merited the same judgment that was actually rendered, we fail to find the inconsistency urged by the appellant in this first question, which must therefore be overruled. Let us now turn to the second question.

■■ It is maintained in it that the trial court decided the action on the basis of a theory which was different from the one set forth in the complaint. The action was decided —says the appellant—on the basis of the validity of the above-mentioned deeds; which is precisely the opposite of what is alleged in the complaint. There is no doubt that the trial court, in deciding the suit in the way it did, had to start from the premise that the said three deeds were supported by a consideration. The question is then reduced to deciding whether, in spite of the failure of the plaintiff to prove the allegations of his complaint, the court *a quo* could sustain it in part, upon a different theory, as claimed by the appellant. The true purpose of the complaint, according to the allegations thereof, seems to be to have the property in question declared community property. The plaintiff does not ask that title to the whole property be awarded to him exclusively.

On the contrary he is quite explicit when in the prayer of the complaint he asks that "... judgment be rendered declaring that the house described in this complaint *belongs to the conjugal partnership constituted by José Isern Aponte and Luisa Ramírez Santana,* and declaring as nonexistent the contract embodied in deed No. 3 of March 1, 1934, executed by Luisa Ramírez Santana in favor of Clotilde Benítez Rexach, and imposing costs on the defendants." [4] And although it is true that the prayer for relief is not a part of the complaint, it is also true that it may serve to interpret the same. The plaintiff in praying for the nullity of deeds Nos. 19, 76, and 3 already mentioned, undoubtedly did so in order that the property should be regarded as belonging to the conjugal partnership constituted by himself and his wife Luisa Ramírez Santana.

It is true that the trial court gave no credit to the evidence of the plaintiff, to the effect that there was no consideration in said three deeds. But this was no obstacle to its awarding the house in favor of the conjugal partnership. The true essence of the complaint, the only theory set forth, in accordance with the prayer for relief and with the result if the lower court had considered as proved the allegations of the complaint, was that it should be decreed by a judicial tribunal that the house belonged to the conjugal partnership that had existed between José Isern Aponte and Luisa Ramírez Santana. We think that the theory is the same although the grounds are not so. [5] But as in accordance with the repeated decisions of this court, an appeal is not taken from the grounds of a judgment but from the judgment itself, the latter must be sustained if correct even though said grounds may be erroneous.

Regarding this same question, it only remains to be decided whether the defendant Clotilde Benítez Rexach is a third person under the Mortgage Law whose right was affected by the judgment appealed from. Deed No. 76, executed on November 10, 1928, was recorded in the Registry of Prop-

erty ". . . with the curable defect of a failure to duly show the source of the money invested in the purchase, although in the document it is stated that said money belongs exclusively to Luisa Ramírez Santana, she having inherited the same from her sister Dolores Ramírez Santana, as appears from the deed of partition of the estate of said predecessor in interest, which was not exhibited and of which this registry has no knowledge." This defect was cured on March 13, 1934, or twelve days after Clotilde Benítez Rexach had acquired the property from Luisa Ramírez Santana. So that at the time of such acquisition Clotilde Benítez Rexach had notice from the registry that the separate character of the property which she acquired had not been duly established, and hence in acquiring the same she ran the risk of the occurrence which subsequently took place. We do not think, therefore, that Clotilde Benítez Rexach is in a position to claim the rights which the Mortgage Law confers on third persons.

■■ Let us turn now to the third question raised by the appellant in her brief, to wit: That the evidence of the plaintiff is insufficient, and that the court erred in weighing such evidence as well as that of the defendants.

Even conceding that the evidence of the plaintiff was insufficient to prove that deeds Nos. 19, 76, and 3, above mentioned, were supported by a consideration, we think that the same was sufficient to establish the fact that the house in question properly belonged to the conjugal partnership. The documentary evidence of the defendants, which consisted of deed No. 76 of November 10, 1928, wherein Luisa Ramírez Santana stated that the money with which she acquired the property came from an inheritance derived from her sister, and of the record of divorce suit No. 16588, brought by Luisa Ramírez Santana against her husband José Isern Aponte, from which appeared the allegation of the complaint therein that there was no community property subject to liquidation, and the judgment by default entered by the court, can not be

considered as sufficient to overcome the presumption that the house the object of the present action is community property. And if, as we have already seen, the lower court did not apply to this case a different legal theory from the one set forth in the complaint, we must reach the conclusion that the errors which make up the third question raised have not been commited either.

In virtue thereof the judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.